UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/8/15
```

──────────────────────────────── x

JUAN C. GOMEZ,

       Plaintiff,

  -against-                                11 Civ. 6844 (CM)(JLC)

RABBI CHILL and R. KOSLOWSKI,

       Defendants.

──────────────────────────────── x

MEMORANDUM ORDER ACCEPTING THE REPORT OF
THE MAGISTRATE JUDGE, ADOPTING THE REPORT AS
THE OPINION OF THE COURT, GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, AND DIRECTING
THE CLERK OF COURT TO ENTER JUDGMENT DISMISSING
THE CASE

McMahon, J.:

      The court has received the Report and Recommendation of The Hon. James L. Cott, U.S.M.J., filed April 17, 2015.

      No objections have been filed. To complete the Magistrate Judge's detailed story of Plaintiff's dilatoriness with regard to this case (which concerns matters that took place in 2008!): Mr. Gomez had until May 4 to file objections to the Report. Instead, he sent the court a letter (Docket #150), which he legended "Notice of Appeal and Request for Stay," seeking an indefinite stay of proceedings, on the ground that he had been forced to send certain unspecified legal materials home (but nowhere explaining either what those materials were or why, upon receipt of the Report, he had not taken steps to retrieve them from home). This court entered an order on April 30, 2015, denying Gomez' request for a stay (which was essentially the same request he had unsuccessfully made to Magistrate Judge Cott – twice – as recounted in the Report). I did Grant Gomez an extension of time until June 5 to file substantive objections to the Report.

      On June 4, the Pro Se Office received a letter from Mr. Gomez, dated May 20, 2015. In that letter, Mr. Gomez complained about being robbed, losing the court's "letter," and asking for an additional extension of time of two months so he could go to the Law Library to make


Copies mailed/faxed ......... on 6/8/15

"copies" of the "proof that I was robbed." Plaintiff also indicated that the environment in prison was "not conductive to me healing from my multiple traumas," and that while he was having difficulty focusing on any of his various pending legal matters, he needed to "address the imperative issues in my instant criminal case and that is my main and first priority." He also stated that he found it "impossible for me to go at your pace." Finally Plaintiff insisted that a stay of proceedings with respect to the motion for summary judgment was needed because he wanted to appeal an earlier decision of Magistrate Judge Cott to the "Court of Appeals, 2d Circuit [sic] Court," and that he "c[ould] not try to appeal and do this case at the same time."

None of the above entitles Plaintiff to any further stay of these overly old proceedings. The request for an additional two months, over and above all the time that he has been granted, both by Magistrate Judge Cott and myself, is denied.[1]

I am sorry that Mr. Gomez lost the April 30 order, but it is obvious, from the text of his May 30 letter, that he knows what it said: you have until June 5 to file objections to the Report. He did not need to have a copy of the April 30 order in hand in order to file objections to Judge Cott's Report, and he does not indicate in the May 30 letter that he lost his copy of the Report.

Gomez's complaint about being the victim of theft makes no sense. For one thing, the theft he complains of is a theft of food – not of anything that is relevant to this case. Furthermore, Mr. Gomez previously told the court that his relevant legal materials had been sent home, so they could not have been stolen from him at the prison. Once again, Plaintiff does not indicate that he has made the slightest effort to have someone at home send those materials back to him so that he could file objections to the Report.

Plaintiff may prefer to expend his limited energies on his criminal case, but he initiated this civil action, which relates to events that took place seven years ago and which has been on this court's calendar for four years. Plaintiff has been shown every courtesy; he has been granted repeated extensions of time; as a result, this action has been allowed to drag on far longer than necessary. In the final analysis, Plaintiff does not get to set the pace at which his civil action proceeds; the court sets the pace. So far, in deference to Plaintiff, this case has proceeded at a snail's pace. Even that seems to be too much for Mr. Gomez. But the defendants have rights, too; and the time has come to bring this matter to a close.

Finally, Plaintiff asks for a stay so he can take an appeal to the Second Circuit. But staying these proceedings will only *delay* his ability to petition the Court of Appeals, since the court needs to enter a final judgment in order for him to appeal. I am happy to facilitate Mr.

---

[1] It bears noting that plaintiff has a history of asking for and being granted extensions of time, only to file no papers. As Judge Cott noted in the Report (page 6), the court granted Gomez several extensions to time to file papers in opposition to the motion to dismiss (which was granted in part and denied in part), but Gomez never filed anything with the court. He was also granted one extension of time to file papers in opposition to the motion for summary judgment by Judge Cott, but filed nothing. I have no reason to believe that Mr. Gomez would ever file proper objections to the Report, even if he were given yet another extension beyond the one I have already given him.

Gomez' quest to get this matter before the Court of Appeals; I will do so by accepting the Report as the opinion of the court without further ado, and directing the Clerk to enter judgment dismissing this case.

I have reviewed the Report. I accept it and adopt it as the opinion of the court.

The Report concludes Deputy Warden Koskowski should have summary judgment dismissing Plaintiff's Eighth Amendment claim of deliberate indifference to medical needs because (1) the undisputed facts reveal that Gomez received adequate medical care; (2) Gomez' injuries are not sufficiently serious to form the basis of an Eighth Amendment claim; and (3) the record establishes that Koskowski was not subjectively indifferent to Gomez's medical needs. While I agree that the record amply supports a judgment in Kowkowski's favor on any one of these grounds, it is plainly the case that pain resulting from his injury (a contusion on the right thigh, with no fracture) is not a sufficiently serious deprivation to qualify as cruel and unusual punishment for Eighth Amendment purposes.

The learned Magistrate Judge analyzed Plaintiff's claim against Rabbi Chill for allegedly denying Gomez the right to attend Jewish services into two tranches: before he was sent to the SHU and after he was sent to the SHU. As to the former, the learned Magistrate concluded that Plaintiff failed to his exhaust administrative remedies. I concur with that assessment; there is absolutely no record that plaintiff ever filed a grievance concerning any alleged failure to allow him to attend Jewish services before he was admitted to the SHU on September 23, 2008, and plaintiff has neither pleaded nor testified to any circumstances that would have caused administrative remedies to be unavailable to him during that period.[2] As to the latter, Magistrate Judge Cott concluded that there were questions of fact concerning exhaustion and whether Rabbi Chill actually prevented Plaintiff from attending services, but nonetheless recommended that the motion for summary judgment be granted because, on the undisputed facts, there were legitimate penological reasons to deny Gomez the right to attend congregate religious services. As Judge Cott found, prison regulations bar inmates who are in SHU from attending communal events including congregate religious services; and there were legitimate penological reasons to keep Gomez in the SHU from and after September 23, 2008 until he could be transferred out of Green Haven. While I would conclude that Plaintiff did not exhaust this aspect of his First Amendment claim either, on the basis of *Woodford* – which I believe to be the controlling authority -- I recognize that there is no need to reach this issue, because the learned Magistrate Judge is plainly correct on the merits.

---

[2] This court believes that the Second Circuit's so-called *Hemphill* test for whether an inmate's failure to exhaust administrative remedies can be excused or justified did not survive, and could not logically have survived, the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81 (2008). The Second Circuit has consistently refused to opine on that issue. The Circuit has only indicated its belief that where administrative remedies are actually unavailable to a prisoner there is no requirement of exhaustion, *Johnston v. Maha*, 460 F. Spp'x 11, 15 n.6 (2d Cir. 2012). However, I agree with Judge Cott that Gomez has not pointed to a single fact that would have rendered his failure to exhaust challengeable under Hemphill (See Report at 12).

Finally, Judge Cott dismissed Plaintiff's claim concerning a lack of kosher meals because the undisputed facts demonstrate that Plaintiff began receiving kosher meals more than three years before the commencement of this lawsuit, so that any claim he might conceivably assert would be time-barred. I concur.

The Clerk of the Court shall enter judgment in favor of the remaining Defendants dismissing the complaint, and terminate the motion at Docket #131 and any other pending motions. Plaintiff has thirty days from the entry of judgment to appeal to the United States Court of Appeals for the Second Circuit; he commences an appeal by filing a Notice of Appeal with the Clerk of *this* court (not the Clerk of the Court of Appeals).

This constitutes the decision and order of the court.

Dated: June 8, 2015

U.S.D.J.

BY ECF TO THE ATTORNEY GENERAL
BY FIRST CLASS MAIL TO PLAINTIFF AT THE FOLLOWING ADDRESS

Juan C. Gomez
01-A-0483
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403-3600